PATIN, Judge, Pro Tem.
John R. Benoit filed suit for personal injuries against his co-employee, Milton Bennett and his employer, Capitol Manufacturing Company. After a bench trial the trial court rendered judgment in favor of Benoit and against Bennett in the sum of $61,011.00 plus interest and costs. Be-noit was found to be twenty-five percent at fault and Bennett seventy-five percent. The claim against Capitol was dismissed with prejudice. From this judgment Benoit appeals.
Appellant claimed he sustained damages in a fight intentionally started by his co-employee while at work. He sued both Bennett and Capitol under the intentional exception to the Louisiana Worker’s Compensation Act. La.R.S. 23:1032.
Appellant asserts the following errors:
(1) the trial court erred in not finding Capitol vicariously liable for the intentional injury by Bennett;
(2) the trial court erred in not awarding appellant damages for loss of future earnings or loss of earning capacity; and
(3) the trial court erred in assigning twenty-five percent fault to plaintiff for his own injury.
On January 23, 1989 appellant and Bennett were working the “graveyard” or night shift at Capitol’s facility in Crowley, Louisiana. Both were machine operators with work stations very near one another. Appellant’s work station was immediately adjacent to two large sliding doors which opened to the outside. Bennett’s work station was somewhat farther away.
The night of the incident was cold and the doors were open. Bennett was experiencing discomfort from the cold and made numerous requests of his supervisor, George Signorelli, to have the doors closed. His requests were denied.
Around 4:30 a.m. both Bennett and appellant went on break. Bennett closed the doors, appellant confronted him about it, an argument ensued and erupted into a fight.
During the fight appellant sustained a broken hand. He claims his hand was struck when he raised it to deflect a blow from a stick that Bennett was wielding. Bennett claims that he never had a stick. The whole confrontation lasted approximately ten minutes. Both men were fired for fighting.
Appellant filed suit on June 1, 1989 alleging the acts of Bennett in causing injury were intentional and in the course and scope of employment.
The trial court heard evidence on October 30 and 31 of 1990. The matter was taken under advisement and judgment rendered on December 12, 1990. The trial court found that appellant met the burden of proof regarding the intentional acts of Bennett. It further found that appellant failed to meet the burden of proof concerning Capitol’s vicarious liability for Bennett’s actions.
Appellant asserts the trial court erred in finding Capitol not liable for the intentional act of its employee, Bennett. He contends the acts of Bennett came within the exception to the normal remedy of worker’s compensation and that Capitol is vicariously liable.
La.R.S. 23:1032, as it existed at the time of the incident, set out the exclusiveness of worker’s compensation as a remedy, and the following exception:
Nothing in this Chapter shall affect the liability of the employer ... or employee of such employer or principal to a fine or penalty under any other statute or the liability, civil or criminal, resulting from an intentional act.
La.Civ.C. art. 2320 provides:
Masters and employers are answerable for the damage occasioned by their servants and overseers, in the exercise of the functions in which they are employed.
In dismissing the claim against Capitol the trial court applied LeBrane v. Lewis, 292 So.2d 216 (La.1974). LeBrane set out the standard to be used when determining whether to hold an employer re *60 sponsible for the intentional tort of an employee. The trial court stated the requirements of LeBrane as follows:
[T]he intentional conduct of the co-employee must be so closely connected in time, place, and causation to his employment-duties as to be regarded as a risk of harm fairly attributable to the employer’s business, as distinguished from conduct motivated by purely personal considerations entirely extemporaneous to the employer’s interest.
The trial court found, as fact, the cause of the incident was a disagreement between Bennett and appellant about the open door. It further found that Bennett’s conduct resulted from the fact that he was cold and wished the door closed. It considered this conduct to be purely personal in nature.
The court below also found that Capitol did not benefit in any way from the incident. The court stated that the status of the doors had no bearing on the operation of the machines, as they were not temperature sensitive. Thus, the act of closing the doors by Bennett was not in furtherance of any employment duty. Furthermore, the trial court found Capitol suffered a detriment in having to fire two valued employees.
In correctly applying the test set forth in LeBrane, the trial court had to make several findings of fact. In doing so, it is afforded much discretion and the factual findings must be upheld absent a showing of manifest error. Rosell v. ESCO, 549 So.2d 840 (La.1989).
Our review of the record reveals no error in the fact findings of the trial court. There is ample testimony and evidence showing the catalyst for the incident was Bennett’s desire to have the door closed. We cannot say that his desire was in any way intentional conduct “primarily employment rooted.” LeBrane, supra. This assignment is without merit.
The next assignment of error is that the trial court érred in not making an award for loss of future earnings, or earning capacity.
Appellant asserts that because of the injury to his hand he will be unable to find work which pays at a level comparable to what he received before the incident. His claims are based on his work in the oil industry for over eighteen years prior to working as a machinist for Capitol.
The trial court found appellant had been employed as a machinist for two years pri- or to his injury and showed no inclination to return to work in the oil field business. It found appellant is capable of returning to work as a machinist. It further found machinist work presently available in the Crowley area.
In making an award for damages the trial court is afforded much discretion. Gardiner v. Commercial Union Ins. Companies, 488 So.2d 1331 (La.App. 3rd Cir.1986), Reck v. Stevens, 373 So.2d 498 (La.1979). Appellate review of loss of earning capacity awards, where there is uncertainty as to the existence of such damages, should be more deferential to the trial court. Gardiner, supra.
One of the main points raised in the trial court’s denial of this particular damage award was appellant’s apparent disinterest in returning to oil field work. It is within the trier of fact’s discretion to assess the plaintiff’s inclination or motivation to work in a particular field. Bonnette v. Aetna Life & Casualty, 503 So.2d 728 (La.App. 3rd Cir.1987).
Damages for loss of earning capacity are somewhat speculative in nature. Unbehagen v. Bollinger Workover, Inc., 411 So.2d 507 (La.App. 1 Cir.1982). In order for appellant to recover for the loss of his earning capacity, he must show more than previous employment at a higher wage. It is the trial court’s duty to assess the probability of his earning that wage in the future, but for the accident. Hobgood v. Aucoin, 574 So.2d 344 (La.1990).
The findings of the trial court are supported by the record. There is testimony confirming that his injury would not prohibit his employment in positions for which he is qualified considering his education and employment history. The rec *61 ord also reveals that appellant’s chances of returning to oil field work were too speculative to be considered proven. We cannot say the trial court abused its discretion in refusing to award damages for lost earning capacity. This assignment is without merit.
The last assignment of error is that the trial court erred in holding appellant twenty-five percent liable for his own injuries.
The trial court found that while appellant did not initiate the quarrel, he should have been aware of the risks created by his own actions and taken steps to avoid them. Again, we emphasize the broad discretion of the trial court in such matters. Rosell v. ESCO, 549 So.2d 840 (La.1989).
There is testimony in the record which supports this finding. Appellant confronted Bennett about closing the doors instead of alerting the supervisor of his actions. The fact that the court found Bennett intentionally caused harm to appellant does not overcome the circumstance that had appellant taken a proper course of action his injury might not have occurred.
There is no error in the trial court’s findings. This assignment is without merit.
The judgment of the trial court will be affirmed, at the cost of appellant.
AFFIRMED.