617 So.2d 477 (1993)
John R. BENOIT,
v.
CAPITOL MANUFACTURING COMPANY, et al.
No. 92-C-2920.
Supreme Court of Louisiana.
April 12, 1993.
Order Granting in Part and Denying in Part Rehearing May 13, 1993.
Aaron J. Allen, Lafayette, for applicant.
Christopher L. Zaunbrecher, Michael J. Remondet, Jr., Lafayette, for respondent.
WATSON, Justice.[1]
The primary question is whether the defendant employer, Capitol Manufacturing Company, has respondeat superior liability for an employee's battery on another employee, plaintiff John R. Benoit.

FACTS
Benoit and Milton Bennett worked as machine operators for Capitol Manufacturing Company. On January 23, 1989, they had a dispute over whether the rear door to the work place should be open or closed. A co-worker, Clinton Morgan, had a previous dispute with Bennett; Morgan wanting the door open and Bennett wanting it closed. Benoit and Bennett had no prior difficulties. Benoit had opened the rear door at 9:00 p.m. to load his machine and left it open. He customarily left the rear door *478 open. Bennett wanted the door closed because he was cold. Bennett had talked to their supervisor, George Signorelli, that night about closing the back door. Signorelli told Bennett to put on a jacket. Bennett said he was cold despite two jackets.
A co-worker, Jerry Drake, testified that Bennett told him during the 12:30 a.m. lunch break that he was going to close the door. Ray Ancelot, another co-worker, quoted Bennett as saying: "One way or another, I am going to close the (expletives deleted) door." (Tr. 472.)
When the buzzer went off for the scheduled 10-minute break at 4:30 a.m., Benoit shut down his machine and went toward the rear door. Bennett was closing the door. When Benoit tried to keep it open, Bennett struck Benoit's right hand with what looked like a broom stick.
The two men scuffled until Bennett picked up an angle iron and Benoit retreated. Bennett denied hitting Benoit with the stick but admitted picking up the angle iron after Benoit started kicking him. Both employees were fired for fighting.
Signorelli and the trial court found Benoit's account of the incident more credible than Bennett's. There were no witnesses to the incident, but Signorelli saw the stick and the angle iron afterward. Benoit told Signorelli that Bennett hit him with the stick when Benoit tried to keep the door open. Gary Hebert, production superintendent for Capitol, also saw the stick and the angle iron. The stick was used as a make-shift tool on Bennett's machine.
Dr. Ladislas Lazaro, III is an orthopedic surgeon who treats only the hands, arms and shoulders. Benoit was referred to him by his treating doctor. Benoit had a comminuted fracture at the base of the fifth metacarpal, an injury consistent with being struck by a large stick. This type of injury usually results from a blow and is often called a "night stick" fracture. The fifth metacarpal, the joint to the little finger, had been destroyed by the blow. The hand did not heal satisfactorily, and Benoit remained in a great deal of pain. On May 2, 1989, surgery was performed under general anesthesia. The base of the fifth finger was grooved into the base of the fourth finger metacarpal, and a graft from Benoit's wrist was inserted. On October 16, 1989, Benoit was discharged with a 28 to 30 percent impairment of his right hand. Subsequently, a tomogram indicated that the graft had dissolved; it had not fused with the bone. On March 22, 1990, a second graft was performed with a piece of bone from the pelvic area, a more painful site for a graft harvest. That graft has healed satisfactorily, but Benoit has approximately 30 percent less function in his right hand.
Glynn Michael Hebert testified as an expert in the field of vocational rehabilitation therapy that Benoit has a low average IQ and functions at a third grade level in reading and spelling. Although Benoit spent most of his working life as a roughneck in the oil field, he was earning $6.75 an hour as a machinist at Capitol.
Benoit is right handed. He testified that he has only two good fingers on his right hand and endures constant pain. In his opinion, he could not return to work as a machine operator. He was 35 years old when he was injured.
Roy Douglas Womack, a Ph.D. professor of economics at the University of Southwestern Louisiana, also works as an economic consultant. Womack testified that Benoit's life expectancy at the time of the injury was 38.79 years and his work life expectancy was 24.59 years. His past lost earnings were $24,667.
The trial court decided that the dispute was personal and "in no way beneficial to or connected with the employer's interests." (Tr. 335.) Benoit was found to be 25 percent at fault and Bennett 75 percent at fault.
Because Benoit had been released to return to work as a machinist, the trial court concluded that no future lost wages were proven. Damages were fixed at $81,348 and reduced by 25 percent. Judgment was rendered in favor of Benoit against Bennett personally for $61,011.
The court of appeal affirmed the trial court. 606 So.2d 58 (La.App. 3d Cir.1992). *479 A writ was granted to review the judgment. 609 So.2d 239 (La.1992).

LAW
The employer may have vicarious tort liability for intentional acts of employees. Jones v. Thomas, 426 So.2d 609 (La. 1983). LeBrane v. Lewis
The test for employer liability has been established by Justice Tate in LeBrane v. Lewis, 292 So.2d 216 (La.1974). LeBrane held that an employer is responsible for an employee's intentional tort when the conduct is so closely connected in time, place and causation to the employment duties that it constitutes a risk of harm attributable to the employer's business. In LeBrane, a supervisor terminated an employee's job and walked him outside the building where a fight began. The supervisor then knifed the former employee. The fight was said to be "employment-rooted." Id. at 218. The supervisor's act was so closely connected to his employment duties that it was a risk of harm attributable to the employer's business. Thus, the tort was within the scope of the supervisor's employment, making the employer liable in tort to the discharged employee.
The broom stick battery on Benoit was clearly "employment-rooted." The issue was temperature in the work place. While Bennett's striking Benoit did not benefit the employer, neither did Lewis' cutting LeBrane.
LeBrane says the employment connection tort test is similar to that used in determining whether a compensation claim is one arising out of and in the course of employment. Id. at 218 n. 4. The two terms are not synonymous. The course of employment test refers to time and place. The scope of employment test examines the employment-related risk of injury. "A strong showing by the claimant with reference to the arise-out-of requirement may compensate for a relatively weak showing on the during-course-of requirement, or vice versa." Lisonbee v. Chicago Mill and Lumber Company, 278 So.2d 5 at 7 (La. 1973).

Worker's Compensation Law
Most of the statutory law and the jurisprudence concerns whether an employee was in the course and scope of employment and therefore entitled to worker's compensation benefits. A brief review is instructive.
Under LSA-R.S. 23:1031(D), an accident does not arise out of employment if "the injury arose out of a dispute with another person or employee over matters unrelated to the injured employee's employment." Subsection D was added by Act No. 454 of 1989, effective January 1, 1990, after this accident, but in any event the amendment does not impact this case since the dispute was employment related.
Under older cases, an employee's assault on a fellow worker generally arises out of employment even if it resulted from a dispute unconnected with the employer's business. Guderian v. Sterling Sugar & Ry. Co., 151 La. 59, 91 So. 546 (1922); Ferguson v. Cady-McFarland Gravel Company, 156 La. 871, 101 So. 248 (1924), and Byas v. Hotel Bentley, Inc., 157 La. 1030, 103 So. 303 (1924).
The emphasis is on whether the employer's business required that the worker be present at the time and place the accident occurred. Dyer v. Rapides Lumber Company, 154 La. 1091, 98 So. 677 (1923); Kern v. Southport Mill, 174 La. 432, 141 So. 19 (1932). Professor Wex Malone has pointed out that the risk of assault should be considered under the time/place rule of the Kern decision. If the employee is on a permitted break, he should be protected against assault regardless of the basis for the dispute. Louisiana Workmen's Compensation Law and Practice, § 195, p. 401, Malone, Johnson (1980).
Edwards v. Louisiana Forestry Commission, 221 La. 818, 60 So.2d 449 (1952), adopted a zone of special danger rule. When the duties of employment place the employee at the accident site, the employment creates a zone of special danger. This rule applies to assaults. See Livingston v. Henry & Hall, 59 So.2d 892 (La.App.2d Cir.1952); O'Connor v. American *480 Mutual Liability Ins. Co., 87 So.2d 16 (La.App.Orl.1956), and Broussard v. Dumas Chevrolet Company, 120 So.2d 863 (La.App.Orl.1960).
When an employee is taking a permissible break, a battery arises from employment regardless of the root cause of the dispute. Raybol v. Louisiana State University, 520 So.2d 724 (La.1988). Compare Mundy v. Dept. of Health & Human Resources, 593 So.2d 346 (La.1992), where the employee, en route to work, had not begun her employment duties under the supervision and control of her employer.

CONCLUSION
The trial court correctly found that Benoit's account of the accident was more credible than Bennett's and that Bennett initiated the encounter. A blow from a broom stick was consistent with Benoit's injury. Two other witnesses saw the stick that fractured Benoit's right hand, a stick which Bennett denied using.
Benoit was not present when Bennett emphatically announced his intention of closing the door. However, Benoit took it upon himself to keep the door open. Although Bennett struck the first blow, Benoit should have referred the dispute to their supervisor. Considering all of the circumstances, the trial court was not clearly wrong in assigning 25 percent of the fault to John Benoit.
This accident took place on the employer's premises during working hours. Both employees were on a work break. They were in the course and scope of employment.
The award for Benoit's injury is within the trial court's discretion. The trial court clearly erred in not casting the employer in judgment.
For the foregoing reasons, the judgment is amended to cast Capitol Manufacturing Company and Milton Bennett in judgment jointly and in solido. As amended, the judgment is affirmed.
AMENDED AND AFFIRMED.
DENNIS and LEMMON, JJ., concur.

Order
Granted in part. Applicant is entitled to the credit sought. Gagnard v. Baldridge, 612 So.2d 732 (La.1992). Otherwise denied.
HALL, J., not on panel.
NOTES
[1] Pursuant to Rule IV, Part 2, § 3, Hall, J. was not on the panel which heard and decided this case. See the footnote in State v. Barras, 615 So.2d 285 (La.1993).