JjTHIBODEAUX, Judge.
This is a workers’ compensation case presenting the issue of whether a convenience store employee workers’ compensation claim, resulting from being shot by the employee’s estranged husband as she was actively engaged in her work duties, is compensable. The trial court granted the employer’s motion for summary judgment rejecting the employee’s claim. The employee appeals. For the following reasons, we reverse.

FACTS

Employee-plaintiff, Teresa C. Guillory, was employed by Interstate Gas Station. On Saturday, July 26, 1992, Ms. Guillory was shot three times through a glass window hby her estranged husband, Clinton H. “Pete” Guillory, III. Using a Remington, .243 caliber high powered rifle equipped with a scope, Mr. Guillory shot Ms. Guillory from across a four-lane highway, an area across the street *636 from Interstate. Ms. Guillory was struck in her neck, shoulder and chest which resulted in extensive and permanent damage. Ms. Guillory’s duties included, among other things, stacking cigarettes near a well lit window of the gas station. She was stacking cigarettes when she was shot.
Ms. Guillory began her employment with Interstate on July 3, 1992. Prior to her employment with Interstate, Ms. Guillory filed a petition for divorce against Mr. Guillo-ry on June 5, 1992. A week before July 22, 1992, Ms. Guillory contacted her supervisor, Beverly Hamilton, and told Ms. Hamilton that her husband, Mr. Guillory, had made threats against her life and that she thought Mr. Guillory should be restrained from coming in the gas station. Ms. Guillory also asked Ms. Hamilton if she could be allowed to bring a gun to the store or work the daytime rather than the nighttime shift. She reasoned that this would provide her with some sort of protection because during the day there would be people in the store with her. Interstate refused her request that her work shift be changed. Her employer further refused to allow her to bring a gun to work.
Just prior to the shooting incident, Ms. Guillory petitioned the court for a protective order against Mr. Guillory indicating that Mr. Guillory had harassed her and threatened her life. After the shooting, Ms. Guillo-ry remained in Jefferson Davis Memorial Hospital for one month. She is presently undergoing physical therapy. She sustained permanent damage to her vocal cords and has been unable to work since the shooting occurred. Subsequently, Mr. jjGuillory pleaded guilty to attempted second degree murder as a result of the shooting. Thereafter, Ms. Guillory made a claim for workers’ compensation benefits including the payment of her medical expenses. Interstate and its insurance company refused payment and filed a motion for summary judgment in response to Ms. Guillory’s workers’ compensation claim.
A hearing on the motion was held on April 23,1993. After considering the evidence, law and argument of counsel, the hearing officer granted judgment in favor of Interstate holding that the shooting incident “arose out of a dispute with her estranged husband which was totally unrelated to her employment,” quoting La.R.S. 23:1031(D) which provides:
An injury by accident should not be considered as having arisen out of the employment and thereby not covered by the provisions of this Chapter if the employer can establish that the injury arose out of a dispute with another person or employee over matters unrelated to the injured employee’s employment.
The hearing officer further reasoned that Ms. Guillory’s injuries, occurring while she was working, were not compensable because Ms. Guillory and Mr. Guillory had been experiencing marital problems for some time which was indicated by an earlier petition for divorce filed May 31, 1991, and a protective order filed March 27th, of that same year. The protective order petition, filed just prior to the shooting, indicated that Mr. Guillory continued to harass her and threaten her life.
It is from the hearing officer’s judgment that Ms. Guillory appeals and assigns as error the hearing officer’s grant of Interstate’s motion for summary judgment based on the affidavits and evidence submitted.

LAW AND DISCUSSION

Appellate courts review summary judgments de novo uunder the same criteria that govern the hearing officer’s consideration of whether a summary judgment is appropriate. Schroeder v. Board of Sup’rs of Louisiana State University, 591 So.2d 342 (La.1991). As set forth in La.Code Civ.P. art. 966(A), Ms. Guillory or Interstate may move for summary judgment in their favor for all or part of the relief for which has been prayed. Further, Interstate, the mover, is entitled to judgment if the pleadings, depositions, answers to interrogatories and admissions on file, together with supporting affidavits, if any, show there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. La.Code Civ.P. art. 966(B); Durrosseau v. Century 21 Flavin Realty, Inc., 594 So.2d 1036 (La.App. 3d Cir.1992). Because the burden of establishing that no material factual issue exists is on Interstate in this ease, inferences to be *637 drawn from the underlying facts contained in the record must be viewed in the light most favorable to Ms. Guillory as the party opposing the motion. Schroeder, supra. If the supporting documents presented by Interstate are not sufficient to resolve all material fact issues, summary judgment must be denied. Durrosseau, supra. Only if the supporting documents of Interstate are sufficient does that burden shift to Ms. Guillory to present evidence that material facts are still at issue. At this point, Ms. Guillory may no longer rest on the allegations and denials contained in her pleadings and must present evidence of a material fact issue. Id. Any doubt is resolved against granting of the summary judgment and in favor of a trial on the merits to resolve disputed facts. Chaisson v. Domingue, 372 So.2d 1225 (La.1979).
A fact is material if it is essential to the plaintiffs cause of action under the applicable theory of recovery and without which the plaintiff could not prevail. |BIn other words, material facts are those that potentially insure or preclude recovery, and can affect the litigant’s ultimate success, or determine the outcome of a legal dispute. Penalber v. Blount, 550 So.2d 577 (La.1989).
Interstate based its refusal to pay Ms. Guillory compensation benefits on an amendment to La.R.S. 23:1031 which requires it to establish, as the mover of a summary judgment motion, that: (1) the injury arose out of a dispute with another person or employee and (2) the dispute was over matters unrelated to Ms. Guillory’s employment. Ms. Guil-lory claims that Interstate failed in its burden of proof. We agree.
Ms. Guillory by virtue of the fact that she was shot while stacking cigarettes in the gas station as part of her employment duties has clearly proved that her injury occurred while she was in the “course and scope of her employment.” Therefore, whether Ms. Guillory was in the course and scope of her employment when she was injured is not an issue. However, La.R.S. 23:1031(A) presents a two-prong burden of proof requirement. Benoit v. Capital Manufacturing Co., 617 So.2d 477 (La.1993). The supreme court in Raybol v. Louisiana State University, 520 So.2d 724 (La.1988) provides that the phrase “arising out of’ suggests an inquiry into the character of or origin of the risk while the term “in the course of’ focuses on the time and place relationship between the risk and the employment. Thus, if the origin of the risk of Ms. Guillory being shot by her estranged husband arose out of her employment with Interstate, a denial of compensation is not merited. La.R.S. 23:1031(D) clearly provides that a dispute resulting in injury to an employee where the dispute had nothing to do with the employment does not “arise out of’ that employment and an employee’s injuries, in that case, are not com-pensable under the workers’ compensation laws. Therefore, if Interstate can show by the evidence admitted in the summary I ^judgment hearing that Ms. Guillory’s injuries arose out of a dispute over matters unrelated to her employment, summary judgment is appropriate.
Both Ms. Guillory and Interstate rely on cases decided before the effective date of the amendment to La.R.S. 23:1031 which added paragraph D by Act 454 of 1989, effective January 1, 1990. Those cases, however, present factual circumstances similar to those in this case.
In Raybol, a dormitory custodial worker was injured due to an- attack by a former male friend while actively engaged in her work duties. The court held that regardless of the nature of difficulty that prompted the attack or who the assailant was, when an employee is clearly performing his or her work duties and did not provoke the assault, there can be recovery. Raybol was decided before La.R.S. 23:1031(D) became effective; thus, there was no need for the court to inquire as to whether the dispute between the plaintiff and her assailant arose from matters related to her employment. With the addition of paragraph D to La.R.S. 23:1031, the nature of the difficulty prompting an attack on an employee is important. A similar result was warranted in the cases of Duncan v. South Central Bell Telephone Co., 554 So.2d 214 (La.App.2d Cir.1989), writ denied, 559 So.2d 125 (1990), appeal after remand, 608 So.2d 649 (La.App.2d Cir.1992), writ denied, 610 So.2d 800 (1993); and Be *638 noit v. Capital Manufacturing Co., 617 So.2d 477 (La.1993).
Although both Duncan and Benoit, like Raybol, were decided based on the law as it existed prior to the amendment adding paragraph D to La.R.S. 23:1031, both shed light on and are persuasive as to the probable outcome of eases to be decided after the amendment to La.R.S. 23:1031. In Duncan, the employee was shot and killed by her estranged husband as she proceeded to her car after clocking off from work. That court held that because an employee who is injjthe act of leaving after finishing her work day is regarded as being within the course of her employment during a reasonable period while she is still physically on the premises, and because her employer’s actions made her movements more predictable, that her death arose out of her employment. See, Duncan, 608 So.2d at 652. However, in deciding that the amendment to La.R.S. 23:1031 should be applied prospectively because it affects substantive rights, the court stated: “Such retroactive application would defeat plaintiffs claim for workers’ compensation death benefits and funeral expenses.” The court made no inquiry into the origin of the dispute.
In Benoit, involving a dispute between co-employees about whether to leave a door, located on the work premises, open or closed where one of the employees as a result of the dispute injured his co-employee by hitting him on the hand with an angle iron, the court held that the injured employee was entitled to be compensated for his injuries. The supreme court quoted the language of La. R.S. 23:1031(D) and did not apply it retroactively. In dicta the court stated: “... in any event the amendment does not impact this case since the dispute was employment related.” In Benoit, although stated in dicta, the court discussed the subject matter of the dispute. The supreme court went on to state that in older cases a co-employee’s assault was generally considered to “arise out of’ his employment even if the dispute was unconnected with the employer’s business. The previous emphasis was whether the employer required that the worker be present at the time and place that the accident occurred. Benoit, 617 So.2d at 479. The addition of paragraph D to La.R.S. 23:1031 has clearly changed that emphasis and was added by the legislature in an attempt to strengthen the role of employer defenses under the Act. See, H. Alston Johnson, Workers’ Compensation: Legislative Developments, 50 LLR 391, 395 (1989). The emphasis now I sis whether the dispute involved was connected to the employer’s business.
Because a grant by the trial court of a motion for summary judgment is a denial of the opposing litigant’s day in court, the trial court, in deciding whether to grant the motion and this court in its review of that grant, must proceed with great caution. In any case where a question concerning a material fact exists, the motion for summary judgment should be denied.
Ms. Guillory filed at least two Protective Orders against her estranged husband. She also filed for divorce at least two times. It is clear from the statements in those documents that she and her husband had serious marital problems. Her husband obviously did not want her to leave him and she obviously did not want to remain with him; hence, a dispute. However, whether the dispute between Ms. Guillory and her estranged husband “arose out of’ her employment was not answered by the documents filed in support of Interstate’s motion for summary judgment.
A material question exists concerning whether claimant’s injury “arose out of’ a dispute with her estranged husband on matters unrelated to her employment duties: Was it “the result of some risk to which the employee [was] subjected in the course of [her] employment and to which [she] would not have been subjected had [she] not been so employed?” see Colletti v. Port Noma, Ltd., 625 So.2d 202, 204 (La.App. 3d Cir.1993). Consequently, the hearing officer incorrectly granted Interstate’s summary judgment motion.

CONCLUSION

Applying the above precepts to the present case, we conclude that from the documents presented by the parties in the motion for summary judgment, it is unknown whether Ms. Guillory’s injury from the shooting inci *639 dent arose out |9of a dispute with her estranged husband over matters which were unrelated or related to her employment. Whether it was a particular risk to which Ms. Guillory was subjected to which she would not have been subjected had she not been so employed is a material factual issue. Therefore, the judgment of the hearing officer, granting Interstate’s motion for summary judgment, is reversed. Costs of this appeal are assessed to defendant-appellee, Interstate Gas Station.
REVERSED AND REMANDED.
DOUCET, J., dissents and assigns written reasons.