1,GREMILLION, Judge.
This matter is before us on remand from the Louisiana Supreme Court. Brasseaux v. Mamou, 98-1647, 98-1672, 98-1692 (La.2/5/99); 737 So.2d 733, 734. In our prior opinion, Brasseaux v. Mamou, 97-1540 (La.App. 3 Cir. 5/20/98); 713 So.2d 742, we held that the Town of Mamou (Mamou) was vicariously liable for the tor-tious actions of its employee, Keith Lav-ergne, who was involved in an off-duty altercation at a lounge owned by the victim, Richard Brasseaux. The supreme court has granted writs and remanded the matter to this court for reconsideration in light of its recent decision on the issue of vicarious liability, Russell v. Noullet, 98-0816 (La.12/1/98); 721 So.2d 868.
We reiterate the facts as stated in our previous opinion:
Brasseaux, the owner/operator of the Four Aces Lounge in Eunice, was injured in an altercation which took place outside the lounge in the early morning hours of March 5, 1995. Lavergne, a part-time dispatcher for the Mamou Police Department, arrived at the Four 12Aces with [Shannon] Bordelon around closing time. The incident at issue arose when Brasseaux was hit over the head with a stick while trying to protect one of his patrons from further injury at the hands of Bordelon. Bordelon had evidently argued with J.B. “George” Stelly over a pool game and followed him and his “common-law” wife, Flo-rance Johnson, outside. When Bordelon hit Stelly with a pool stick, Johnson cried out attracting the attention of Brasseaux, who went outside with his “nightstick,” a modified ax handle. At some point, Lavergne went outside and flashed his badge, telling Brasseaux that he was a police officer and that he had everything under control. While Bras-seaux was questioning Lavergne about his jurisdiction in Eunice, Bordelon struck him from behind in the neck/shoulder region with his pool stick. Brasseaux was struck a second time on the top of the head, with either the pool stick or nightstick, by either Bordelon or Lavergne. Bordelon and Lavergne left *289 the scene before the arrival of an officer from the St. Landry Parish Sheriffs Office. Brasseaux was transported to the Moosa Memorial Hospital and from there to Lafayette General Hospital where he remained hospitalized for several days with a closed head injury.
Id. at pp. 1-2 , at 870; 713 So.2d at 745.
In Russell 721 So.2d 868, the supreme court reversed the appellate court’s affirmation of a finding by the trial court that an off-duty New Orleans policeman was within the course and scope of his employment when he committed tortious acts against two plaintiffs. In that case, Noul-let, the off-duty police officer, broke up a fight between several men and his younger brother by announcing that he was a police officer as required by department regulations. His brother, a police recruit, fired four shots into the air, which caused the crowd to retreat and enabled him to leave the scene. "When Officer Noullet returned to his ear, he saw the first plaintiff taking down his license plate number. When told that she intended to inform the police about the incident, Officer Noullet responded that he was the police. Although there was conflicting evidence, two witnesses confirmed that Officer Noullet grabbed the plaintiff by her throat and neck and slammed her into the back |3of his vehicle injuring her. When he attempted to drive away from the crowd surrounding his vehicle, several persons attempted to pull him out of the vehicle via an open window, while others made threatening remarks. Drawing his authorized weapon, Officer Noullet fired several shots into the crowd, one of which struck the second plaintiff.
In discussing the law with regard to vicarious liability, the supreme court stated:
The principle of vicarious liability is codified in La. Civ.Code art. 2820, which provides that an employer is liable for the tortious acts of its employees “in the exercise of the functions in which they are employed.” While the course of employment test refers to time and place, the scope of employment test examines the employment-related risk of injury. Baumeister v. Plunkett, 95-2270 (La.5/21/96); 673 So.2d 994, 996, citing Benoit v. Capitol Mfg. Co., 617 So.2d 477, 479 (La.1993). The inquiry requires the trier of fact to determine whether the employee’s tortious conduct was “so closely connected in time, place and causation to his employment-duties as to be regarded a risk of harm fairly attributable to the employer’s business, as compared with conduct motivated by purely personal considerations entirely extraneous to the employer’s interests.” LeBrane v. Lewis, 292 So.2d 216, 218 (La.1974).
The question of whether an employee’s tortious conduct was sufficiently employment-related that the court should impose vicarious liability upon the employer is a mixed question of fact and law, and the trial court’s resolution of that question is entitled to great deference on review by the court of appeal under the manifest error standard. Reed v. Wal-Mart Stores, Inc., 97-1174 (La.3/4/98); 708 So.2d 362. Nevertheless, the reviewing court must determine that the record contains sufficient support in the evidence, viewed in the light most favorable to the party that prevailed in the trial court, for a rational trier of fact to have found that the tor-tious conduct was or was not employment related. The reviewing court can only reverse a lower court’s factual findings when (1) the record reflects that a reasonable factual basis does not exist for the finding of the trial court and (2) the record establishes that the finding is clearly wrong. Baumeister, 673 So.2d at 998.
Id. at pp. 4-5; 721 So.2d at 871-2 (footnote omitted).
14Officer Noullet’s actions and the supreme court’s findings with regard to the first plaintiff are pertinent to the issue on remand, thus, we shall limit our discussion *290 to those findings. In that instance, the supreme court held that Officer Noullet was acting outside the course and scope of his employment since his actions were “motivated by [his] purely personal considerations, entirely extraneous to the City’s interests in keeping the peace.” Id. at pp. 7-8; 721 So.2d at 872. With the departure of Officer Noullet’s younger brother, the supreme court found that the threatening atmosphere requiring Officer Noullet’s employment-related efforts had subsided. Accordingly, it found that his actions in assaulting the plaintiff were neither employment-related nor related to his earlier efforts in maintaining the peace, but were personal and arose from a desire to harm the plaintiff because her intent to report his brother’s fight to the police.
After considering the facts of this case in light of the holding in Russell, we conclude that our finding that Lavergne was within the course and scope of his employment when he participated in the assault on Brasseaux was correct. Both the chief of police and the assistant chief of police testified that officers with the Mamou Police Department are expected to secure the scene and contact local authorities if they observe a crime being committed outside of their jurisdiction. So, similarly as in Russell, Lavergne was acting according to Mamou Police Department policy when he attempted to exercise his authority as a police officer for crowd control. However, there was no intervening period between those actions and the assault on Brasseaux as there was in Russell. The events that occurred here were all part of the same occurrence since Lavergne’s employment-related attempt to break up the altercation |,^occurred contemporaneously with the tortious conduct resulting in Brasseaux’s injuries. Thus, Lavergne’s actions were primarily employment rooted and were reasonably incidental to the performance of his employment duties. LeBrane v. Lewis, 292 So.2d 216 (La.1974). Considering the factual distinction between Russell and the case sub judice, we affirm our earlier holding and find the Town of Mam-ou vicariously liable for the employment related actions of Lavergne.
CONCLUSION
For the above stated reasons, the judgment of the trial court finding the Town of Mamou vicariously liable for the actions of its employee, Keith Lavergne, is affirmed. The costs of this appeal are assessed to the defendant, Town of Mamou.
AFFIRMED.
DOUCET, C.J., dissents applying the reasoning used by the supreme court in Russell v. Noullet, 98-816 (La.12/1/98); 721 So.2d 868.