Judge Max N. Tobias, Jr.
_JjThe defendant, AAA Bui, Inc. (“Triple A”), appeals the trial court judgment holding it vicariously liable for damages sustained by the plaintiff, David Robinson, as a result of an intentional tort caused by an unidentified assailant whom the trial judge found to be an employee of Triple A. Finding Mr, Robinson failed to,carry his burden of proving vicarious liability, for the following reasons, we reverse the trial court’s judgment.

Facts and• Procedural Background

Mr. Robinson filed suit seeking damages for injuries he claims he sustained when he was stabbed in the head by an alleged employee of the North Broad Supermarket (the “Supermarket”), which is owned and operated by the defendant, Triple A, and is located at 1901 North Broad Avenue in New Orleans.[1] According |2to Mr. Robinson, on 12 April 2012, while standing in the check-oút line at the Supermarket attempting to finalize his purchase of a cold drink, he began requesting money from another customer he knew when he realized he had insufficient funds to complete his purchase. In the petition, Mr. Robinson claims that the defendant, Ky Quang Nguyen, the Supermarket’s cashier at the time of the alleged incident, accused him of panhandling and demanded that he immediately leave the store. When Mr. Robinson allegedly responded by saying, “Make me,” Mr. Nguyen jumped the counter to confront him. Thereafter, a physical altercation between the two men ensued within the Supermarket, but then escalated and continued outside of the store.
When the brawl between Mr. Robinson and Mr. Nyugen purportedly ceased, Mr. Robinson claims he retreated to a bus stop located across the street from the Supermarket, when an unidentified employee of the Supermarket came up from behind and stabbed him in the side of the head. Mr. Robinson contends he was transported from the scene by ambulance to LSU Medical Center, where he received eight staples to close the head wound and remained overnight. As a result of the melee, Mr. Robinson avers he continues to suffer from sharp, shooting pains in his head and recurring nightmares.
The matter proceeded as a bench trial on 10 November 2015. According to Mr. Robinson’s trial testimony, he claims that the Supermarket cashier was the initial aggressor in the altercation and that he only fought back in order to defend himself. Further, Mr. Robinson testified that he was a regular customer at the store and denied that he was panhandling or that he *925 was trespassing at the time of the incident. He farther testified that the man' who stabbed him was either an owner or an employee of the Supermarket. Mr. Robinson introduced no evidence nor did he 13call any witness to corroborate his version of how the incident occurred or to establish that the unidentified assailant was an employee of Triple A acting within the course and scope of his employment at the time of the stabbing. Mr. Robinson conceded that Ky Nguyen was not the person who stabbed-him, but claimed that the unidentified assailant, purportedly a different Supermarket employee, was the culprit.
Mr. Nguyen testified bn behalf of Triple A. He denied that he was an owner of the Supermarket, but rather, stated that he was a cashier at the store and was the cashier on duty at the time of the alleged incident made the basis of this suit. Mr. Nguyen testified that Mr. Robinson would frequent the Supermarket two to three times a week and, on the date of the incident, Mr. Robinson had been “hanging out” outside the store off and on all day and appeared to be intoxicated. Mr. Nguyen further testified that Mr. Robinson was told at least “four times throughout that day” to leave the premises because he was panhandling and disrupting customers. On the final occasion that Mr. Robinson was asked to leave the premises, Mr. Nguyen stated that Mr. Robinson refused, became aggressive, and argued, “Make me leave.” Mr. Nguyen claims that he then came across the counter and met Mr. Robinson face-to-face demanding him to leave, at which point Mr. Robinson took a swing at him. Mr. Nguyen denied that he was the initial aggressor but admitted that he responded in self-defense by taking a swing back at Mr. Robinson. While the altercation commenced inside the store, Mr. Nguyen testified that the squabble slowly escalated and moved outside in front of the store. Mr. Nguyen denied ever stabbing Mr. Robinson.
Ms. Nhung Nguyen also testified on behalf of Triple A. Ms. Nguyen, whose mother owns the Supermarket, explained that she was familiar with Mr. Robinson |4as one who regularly panhandled outside the Supermarket two to three times a week. On the day of the incident, though not an employee of the Supermarket, Ms. Nguyen testified that she was assisting with the hot food line when she witnessed Mr. Robinson harassing a customer for money. She further testified that she heard the cashier, her brother, ask Mr. Robinson to leave and Mr. Robinson respond by saying, “I’m not leaving. Make me.” According to Ms. Nguyen, her brother jumped the counter, placed his arm around Mr. Robinson and attempted to escort Mr. Robinson out of the store. She testified that Mr. Robinson swung at her brother and, thereafter, an altercation ensued between the two and eventually moved outside in front of the business. She shouted for them to stop and then went inside the store and called the police. Ms. Nguyen denied that she saw her brother go after Mr. Robinson once Mr. Robinson left the premises and crossed the street heading in the direction of the bus stop. Further, she denied that her brother stabbed Mr. Robinson.[2]
After taking the matter as to Triple A’s vicarious liability under advisement,[3] the trial court rendered judgment in favor of *926 Mi". Robinson and against Triple A, finding Triple A to be the employer of the “unknown employee/unnamed assailant” and, as such, vicariously liable for the damages Mr. Robinson claims to have sustained. In its judgment, the trial court reasoned:
Though the defendant, Ky Quang Nguyen, testified that he was not the employee who followed and stabbed David . Robinson, which was corroborated by testimony from the plaintiff, it cannot be ignored that Ky Quang Nguyen was the initial aggressor in the altercation. Both | Bdefendant, Ky Quang Nyugen [sic], and defendant, Che T. Vu, testified that the plaintiff responded by saying, “Make me,” when asked , to leave the store, prompting defendant, Ky Quang Nguyen, to jump across the counter and engage in a physical confrontation. By striking the plaintiff, defendant Ky Quang Nguyen’s actions set off the chain of events that ultimately led to the plaintiffs injuries.
Defendant, AAA Bui, Inc. is the legal owner of the North Broad Supermarket. AAA Bui, Inc. was the employer of Ky Quang Nguyen and the unnamed assailant who struck the plaintiff.
The judgment awarded Mr. Robinson damages in the amount of $4,000.00. Triple A timely filed the instant appeal.
Triple A avers the trial court erred in holding it vicariously liable to Mr. Robinson for damages allegedly caused by the “unnamed assailant” absent any evidence that Triple A either employed the “unnamed assailant” or was otherwise responsible for the “unnamed assailant’s” alleged intentional actions. We agree.

Discussion

Appellate courts review the trial court’s factual findings with the manifest error/clearly wrong standard of review. Hall v. Folger Coffee Co., 03-1734 (La. 4/14/04), 874 So.2d 90, 98. This precludes the setting aside of a trial court’s finding of fact unless that finding is clearly wrong in.light of the record reviewed in. its entirety. Id. “[A] reviewing court may not-merely decide if it would have found the facts of the case differently.” Id. “Even though an appellate court may feel its own evaluations and inferences are more reasonable than the factfinder’s, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review where conflict exists in the testimony.” Stobart v. State through Dep’t of Transp. & Dev., 617 So.2d 880, 882 (La.1993).
 (¡Similarly, a trial court’s determination that a particular act is within the course and scope of employment for purposes of vicarious liability is a factual finding governed by the manifest error rule. Ermert v. Hartford Insurance Co., 559 So.2d 467, 478 (La.1990). The application of this standard of review mandates that an appellate court can only reverse a lower court’s factual findings when (1) the record reflects that a reasonable factual basis does not exist for the finding of the trial court, and (2) the record establishes that the finding is clearly wrong. Stobart, 617 So.2d at 882. An appellate court'must determine not whether the trier of fact was right or wrong, but whether the fact finder’s conclusion was a reasonable one, aftér reviewing the record in its entirety. Id.
An employer may be vicariously liable for the intentional acts of its employees pursuant to La. C.C. art. 2320, which states that “[mjasters and servants are answerable for the damage occasioned by their servants and overseers, in the exercise of the functions in which they are employed.” See also La. R. S. 9:3921 A.[4] *927 However, the employer’s vicarious liability for the intentional acts of its employees extends only to those acts which are-within the course and scope of the tortfeasor employee’s employment. Baumeister v. Plunkett, 95-2270 (La. 5/21/96), 673 So.2d 994, 996; Orgeron on Behalf of Orgeron v. McDonald, 93-1353 (La. 7/5/94), 639 So.2d 224, 226.
The course of employment refers to time and place. Benoit v. Capitol Manufacturing Co., 617 So.2d 477, 479 (La.1993). The scope of employment test examines the employment-related risk of injury. For the employer to be 17vicariously liable, “the tortious conduct of the [employee must be] so closely connected in time, place, and causation to his employment duties as to be regarded as a risk of harm fairly attributable to the employer’s business, as compared with conduct instituted by purely personal considerations entirely extraneous to the employer’s interest.” Baumeister, 95-2270 at p. 3, 673 So.2d at 996 (quoting LeBrane v. Lewis, 292 So.2d 216, 217 (La.1974)). “An employer is not vicariously liable merely because his employee commits an intentional tort on the business premises during working hours.” Id. “Vicarious liability will attach in such a case only if the employee is acting within the ambit of his assigned duties and also in furtherance of his employer’s objectives.” Id. 2270 at pp. 3-4, 673 So.2d at 996. Nonetheless, the employee’s conduct need only be reasonably incidental to the performance of the employee’s official duties, and need not be exclusively-employment rooted for liability to attach. Wright v. Skate Country, Inc., 98-0217 (La.App. 4 Cir. 5/12/99), 734 So.2d 874, 879, citing Miller v. Keating, 349 So.2d 265, 269 (La.1977).
The Louisiana Supreme Court, in Le-Brane, 292 So.2d at 218, established the test for determining the vicarious liability of an employer, which includes consideration of the following factors:
(1) Whether the tortious act was primarily employment rooted;
(2) Whether the violence was reasonably incidental to the performance of the employer’s duties;
(3) Whether the act occurred on the employer’s premises; and
(4) Whether it occurred during the hours of employment.
| sIt is not necessary that all four factors be established in order for vicarious liability to attach. Miller, 349 So.2d at 268. As previously stated, an employer is not vicariously liable merely because his employee commits an intentional tort on the employer’s premises during working hours. The particular facts of each case must be analyzed to determine whether the employee’s tortious conduct was within the course and scope of his employment.
Applying the foregoing principles to the case sub judice, we examine the record and assume facts most favorable to the plaintiff, Mr. Robinson. In doing so, especially in light of the LeBrane factors, we find that the trial court was manifestly erroneous and clearly wrong when it imposed liability for Mr. Robinson’s injuries on Triple A under the facts and circumstances of this case. Initially, other than his own testimony, Mr. Robinson offered no evidence to establish an employment relationship existed between the unknown assailant and Triple A. Consequently, it is impossible to ascertain from the record before us whether the altercation was “reasonably incidental to the performance” of employment duties or was motivated by *928 “purely personal” concerns. Furthermore, it is undisputed that the stabbing did not take place on Triple A’s premises; the trial testimony establishes that once the encounter between Ky Nguyen and Mr. Robinson ceased outside the front of the Supermarket, Mr. Robinson left the premises, crossed the street and, according to his own testimony, was on the neutral ground near the bus stop when the actual stabbing occurred. Moreover, without knowing whether the unidentified assailant was, in fact, an employee of Triple A, it is impossible to determine whether or not the supposed employee was actually on duty at the Supermarket at the time the incident occurred. In short, Mr. | ^Robinson has failed to carry his burden of establishing even one of the four LeBrane factors necessary for imposing vicarious liability upon Triple A.
Hence, based upon our review of the scant appellate record in its entirety, we find that Mr. Robinson failed to carry his burden of establishing that the tortious conduct of the unidentified assailant was so closely connected in time, place, and causation to any employee’s employment duties with the Supermarket, if any, so as to be regarded as a risk of harm fairly attributable to Triple A’s business, as compared with conduct motivated by purely personal considerations entirely extraneous to the interests of Triple A. Moreover, the record on appeal does not lead us to conclude that the stabbing of Mr. Robinson occurred within the course and scope of the unidentified assailant’s employment, so as to hold Triple A vicariously liable for his intentional tortious acts causing injury to Mr. Robinson.
CONCLUSION
For the foregoing reasons, we conclude the trial court erred in finding the defendant, AAA Bui, Inc., vicariously liable to the plaintiff, David Robinson, for the acts of the unidentified assailant in this case. Accordingly, the judgment of the trial court is reversed.
REVERSED

. Mr. Robinson's original petition for damages was filed against Ky Quang Nguyen, Che T. Vu, North Broad Supermarket, ABC Insurance Co., Inc. and XYZ Insurance Co., Inc. alleging that Mr. Nguyen, a cashier at the Supermarket, stabbed him in the back of the head during a physical altercation occurring on the premises outside of the Supermarket. Mr. Robinson obtained a default judgment against the defendants on 11 July 2013. Several months later, he amended his petition to add Nhung Thi Cao and K & N Grocery, Inc. as defendants. On. 5 May 2014, Mr. Robinson filed a motion seeking to amend the default judgment to be effective against Triple A, who, at the time, was neither a party to the original nor the amended petitions. Subsequently, Mr. Robinson proceeded with an ex parte motion to amend and supplement the petition seeking to add Triple A as a defendant. On 27 May 2014, the trial court entered judgment denying Mr. Robinson's motion to amend the default judgment and nullified the default judgment on the grounds that he failed to properly serve Triple A.

. Triple A introduced evidence substantiating that Mr. Robinson was convicted for trespassing at the Supermarket and for battery on Ky Nguyen. Mr. Robinson conceded that he was convicted and sentenced to a period of time in jail for those offenses.

. On 2 December 2015, at the end of the trial, ' the court granted an involuntary dismissal of Mr. Robinson’s claims against the defendants, Ky Quang Nguyen, Che T. Vu, and Nhung Thi Cao.

, La. R.S. 9:3921 A provides, in pertinent part:
*927 [E]very master or employer is answerable for the damage occasioned by his servant or employee in the exercise of the functions in which they are employed. ■