799 So.2d 1211 (2001)
Lillie M. CRAFT
v.
WAL-MART STORES, INC. and Paul Bruner.
No. 01-564.
Court of Appeal of Louisiana, Third Circuit.
October 31, 2001.
Rehearing Denied December 12, 2001.
*1212 John E. Jackson, Lake Charles, LA, Counsel for Plaintiff/Appellant, Lillie M. Craft.
Philip A. Fontenot, Lafayette, LA, Counsel for Defendants/Appellees Wal-Mart Stores, Inc. and Paul Bruner.
Allen J. Mitchell, II, Lake Charles, LA, Counsel for Defendant/Appellee State Farm Fire & Casualty Company.
*1213 Court composed of NED E. DOUCET, JR., Chief Judge, HENRY L. YELVERTON and GLENN B. GREMILLION, Judges.
DOUCET, Chief Judge.
The Plaintiff-Appellant, Lillie M. Craft, brought this suit alleging that she is entitled to personal injury damages for an on-the-job injury pursuant to the intentional tort exception to the Louisiana Workers' Compensation Act. The trial court dismissed her suit pursuant to motions for summary judgment brought by the Wal-Mart Stores, Inc. (Wal-Mart) and the alleged tortfeasor's home owner's insurer, State Farm Fire & Casualty Company (State Farm), upon a finding that the act complained of did not rise to the level of an intentional tort. Craft appeals.
On August 17, 1998, both Craft and the Defendant, Paul Bruner, were employed by a Wal-Mart Store located in DeRidder, LA. Craft walked through a swinging door on her way to punch out at the time clock so that she could go on break. At about the same time, Bruner was on his way to the time clock to punch back in after taking his break. Craft alleges that Bruner intentionally pushed her as he followed her through the door. Bruner's statements are in conflict. In his deposition, he alleges that she suddenly cut in front of him as he was approaching the door and that, when he put out his hand to keep from running into her, he accidentally pushed her. However, in a written statement made at Wal-Mart shortly after the accident, Bruner wrote that: "She was blocking the door entrance. I push her slightly on the back center on her back not to hurt her. When I am in her way she push me so I pushed her. She was purposely blocking the door entrance." Craft was allegedly injured as a result of the contact. She apparently continues to receive workers' compensation benefits from Wal-Mart. She brought this suit alleging that Bruner's action constitutes an intentional tort entitling her to receive a personal injury award under La.R.S. 23:1032(B).
Wal-Mart and State Farm brought motions for summary judgment. Both argued that no issue of material fact remained but that Bruner's act did not constitute an intentional act for purposes of the intentional tort exception to the Louisiana Workers' Compensation Act. Wal-Mart argued that Craft's sole remedy against it was in workers' compensation. State Farm argued in the alternative that, should Bruner's act be found to be intentional, its policy excluded coverage for intentional acts. Craft moved for summary judgment alleging that no question of material fact remained but that Bruner's act was an intentional tort for purposes of La.R.S. 23:1032(B). The trial court granted summary judgment in favor of Bruner, State Farm and Wal-Mart. Craft appeals.

BRUNER
We first note that the trial court rendered judgment in favor of Bruner in spite of the fact that he did not move for summary judgment. Since Bruner did not move for summary judgment, it was error for the trial court to dismiss the Plaintiff's suit against him. Cornelius v. Housing Authority of New Orleans, 539 So.2d 1250 (La.App. 4 Cir.), writ denied, 544 So.2d 404 (La.1989). Therefore, that portion of the trial court's judgment which dismisses Craft's claims against Bruner must be vacated.

STATE FARM
In its motion for summary judgment, State Farm argued first that the record showed that no material issue of fact remained but that Bruner's actions did not constitute an intentional tort, thereby leaving compensation as Craft's only remedy. Alternatively, State Farm argued that since its policy does not provide coverage *1214 for intentional torts, it could not be held in judgment even if Bruner's actions were found to constitute an intentional tort. We find that we need not reach the question of whether Bruner's actions constitute an intentional tort, since the record is clear that State Farm's policy will not provide coverage whether or not Bruner's actions are found rise to the level of intentional tort. The State Farm policy provides in "Section IILiability Coverages," for personal liability coverage as "Coverage L" and for medical payments to others under "Coverage M." However, in "Section II Exclusions," the policy provides that: "1. Coverage L and Coverage M do not apply to: a. bodily injury or property damage: (1) which is either expected or intended by an insured; or (2) to any person or property which is the result of willful and malicious acts of an insured."
It is well settled that workers' compensation is the exclusive remedy for an employee injured on the job as the result of the negligence of his co-employee. This immunity from tort claims extends to the co-employee as well as the employer. See Bazley v. Tortorich, 397 So.2d 475 (La.1981). Therefore, if Craft's injury resulted from the negligent act of Bruner, she has no cause of action against him or his home owner's insurer.
However, if the injury resulted from Bruner's intentional tortious act, Craft may bring an action for personal injury against Bruner. Id. The courts have defined intent for purposes of the intentional tort exception to the Louisiana Workers' Compensation Act, as follows:
The meaning of "intent" is that the person who acts either (1) consciously desires the physical result of his act, whatever the likelihood of that result happening from his conduct; or (2) knows that that result is substantially certain to follow from his conduct, whatever his desire may be as to that result. Thus, intent has reference to the consequences of an act rather than to the act itself.
Id. at 481.
Given the language of the policy exclusion, we conclude that there remains no issue of material fact but that the State Farm policy does not provide coverage for intentional acts, as defined by the jurisprudence of this state for purposes of the intentional tort exception to the workers' compensation act.

WAL-MART
In its motion for summary judgment, Wal-Mart asserted that Craft had failed to present any evidence or facts under which Wal-Mart could be held liable for tort damages, and that Craft's exclusive remedy as against Wal-Mart is in workers' compensation.
An employer may be found liable under the intentional tort exception to the workers' compensation act, where an employee commits an intentional tort which results in injury to a co-employee. See LeBrane v. Lewis, 292 So.2d 216 (La.1974).
"An employer is not vicariously liable merely because his employee commits an intentional tort on the business premises during working hours." Scott v. Commercial Union Ins. Co., 415 So.2d 327, 329 (La.App. 2d Cir.1982) (citing Bradley v. Humble Oil & Refining Co., 163 So.2d 180 (La.App. 4th Cir.1964)). "Vicarious liability will attach in such a case only if the employee is acting within the ambit of his assigned duties and also in furtherance of his employer's objective." Id.

More specifically, our LeBrane v. Lewis decision considered the following factors in holding an employer liable for a supervisor's actions in stabbing his fellow employee:

*1215 (1) whether the tortious act was primarily employment rooted;
(2) whether the violence was reasonably incidental to the performance of the employee's duties;
(3) whether the act occurred on the employer's premises; and
(4) whether it occurred during the hours of employment.
292 So.2d at 218. This does not mean that all four of these factors must be met before liability may be found. Miller v. Keating, 349 So.2d 265, 268 (La. 1977). But as we noted above in Scott, an employer is not vicariously liable merely because his employee commits an intentional tort on the employer's premises during working hours. 415 So.2d at 329. See also Tampke v. Findley Adhesives, Inc., 489 So.2d 299 (La. App. 4th Cir.), writ denied, 491 So.2d 24 (1986); McClain v. Holmes, 460 So.2d 681 (La.App. 1st Cir.1984), writ denied, 463 So.2d 1321 (1985). The particular facts of each case must be analyzed to determine whether the employee's tortious conduct was within the course and scope of his employment. Scott, 415 So.2d at 329.
Baumeister v. Plunkett, 95-2270, pp. 3-4 (La.5/21/96);673 So.2d 994, 996-997.
This court has stated that: "Under LeBrane, an employer is responsible for an employee's intentional tort when his conduct is so closely connected in time, place, and causation to his employment duties that it constitutes a risk of harm attributable to the employer's business." Lyons v. Bechtel Corp., 00-364, p. 10 (La. App. 3 Cir.12/27/00); 788 So.2d 34, 42, writ denied, 01-0282 (La.3/23/01); 787 So.2d 996.
After reviewing the record herein, we conclude that, even if Bruner's actions constitute an intentional tort, the record contains no evidence which supports the conclusion that the conduct was "so closely connected ... to his employment duties" as to "constitute a risk of harm attributable to" Wal Mart's business. Id. In contrast to those cases where an employer has been found vicariously liable for the intentional tort of one employee against another, we cannot say that the root cause of the contact between Bruner and Craft was employment related or that Bruner's contact with Craft was "within the ambit of his assigned duties and in furtherance of his employer's objective." Baumeister, 95-2270 at p. 3-4; 673 So.2d at 996. Therefore, we find no error in the trial court's conclusion that no question of material fact remains but that Wal-Mart is not liable in tort for the injury incurred by Craft.

CONCLUSION
For these reasons, the judgment of the trial court is reversed insofar as it purports to release Paul Bruner from this suit. In all other respects, the judgment is affirmed. Costs of this appeal are to be paid by the Plaintiff/Appellant.
REVERSED IN PART AND AFFIRMED IN PART.