STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 05-763


CHRISTOPHER ARMAND

VERSUS

JEFFREY F. LACHNEY, ET AL.


********** 

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 219,062
HONORABLE GEORGE CLARENCE METOYER, JR., DISTRICT JUDGE

**********

BILLY HOWARD EZELL
JUDGE

**********

Court composed of Marc T. Amy, Michael G. Sullivan, and Billy Howard Ezell, Judges.


AFFIRMED.


Edward Alan Kaplan
Attorney at Law
P. O. Box 12386
Alexandria, LA 71315
(318) 448-0831
Counsel for Plaintiff/Appellee
Christopher Armand

Joseph B. Stamey
Stamey Law Firm
P. O. Box 1288
Natchitoches, LA 71458-1288
(318) 352-4559
Counsel for Defendant/Appellee
Jeffrey F. Lachney

**Lewis Olivier Lauve, Jr.**
**Bussey & Lauve**
**P. O. Box 307**
**Alexandria, LA 71309-0307**
**(318) 449-1937**
**Counsel for Defendant/Appellee**
**City of Alexandria**

**Tracy Peter Curtis**
**Perret Doise, APLC**
**P. O. Drawer  3408**
**Lafayette, LA 70502-3408**
**(337) 262-9000**
**Counsel for Intervenor/Appellant**
**Farmers Insurance Exchange**

**EZELL, JUDGE**.

In this matter, Farmers Insurance Exchange (hereinafter Farmers) appeals the granting of a summary judgment in favor of the City of Alexandria (the City). For the following reasons, we affirm the decision of the trial court.

This suit arose out of a physical altercation between Christopher Armand and Jeffery Lachney, both of whom were employees of the City. The fight centered around a duck plucker and occurred during work hours, on City property. Mr. Armand filed suit against Mr. Lachney and his insurer, Farmers, as well as the City for damages he allegedly sustained during the fracas. The City filed a motion for summary judgment, claiming that Mr. Armand had no cause of action against them. After a hearing on the motion, the trial court granted the summary judgment, dismissing Mr. Armand's claims against the City. From this decision, Farmers appeals.

Farmers asserts two assignments of error on appeal. First, they claim that it was error to dismiss the City because the fight occurred during work, on work grounds, and the basis for the fight was a personal item the City allowed to be stored on its premises. Secondly, Farmers claims that the trial court committed error in granting the summary judgment when an issue of fact existed as to whether the act was intentional, thus eliminating the Workers' Compensation Act's exclusive remedy for actions against co-workers and employers. We disagree. Because both assignments of error are so similar, and because both deal with the dismissal of the City via summary judgment, we will address them together.

On appeal, a trial court's ruling on a motion for summary judgment is reviewed pursuant to the *de novo* standard of review. *Champagne v. Ward*, 03-3211 (La. 1/19/05), 893 So.2d 773. Louisiana Code of Civil Procedure Article 966(B) requires

1

that summary judgment shall be rendered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law."

An employer may be found liable under the intentional tort exception to the Workers' Compensation Act, where an employee commits an intentional tort which results in injury to a co-employee. *LeBrane v. Lewis*, 292 So.2d 216 (La.1974). However, as noted by the supreme court in *Baumeister v. Plunkett*, 95-2270, pp. 3-4 (La. 5/21/96), 673 So.2d 994, 996-97:

> "An employer is not vicariously liable merely because his employee commits an intentional tort on the business premises during working hours." *Scott v. Commercial Union Ins. Co.*, 415 So.2d 327, 329 (La.App. 2d Cir.1982) (citing *Bradley v. Humble Oil & Refining Co.*, 163 So.2d 180 (La.App. 4th Cir.1964)). "Vicarious liability will attach in such a case only if the employee is acting within the ambit of his assigned duties and also in furtherance of his employer's objective." *Id*.
>
> More specifically, our *LeBrane v. Lewis* decision considered the following factors in holding an employer liable for a supervisor's actions in stabbing his fellow employee:
>
>   (1) whether the tortious act was primarily employment rooted;
>   (2) whether the violence was reasonably incidental to the performance of the employee's duties;
>   (3) whether the act occurred on the employer's premises;  and
>   (4) whether it occurred during the hours of employment.
>
> 292 So.2d at 218.  This does not mean that all four of these factors must be met before liability may be found. *Miller v. Keating*, 349 So.2d 265, 268 (La.1977).  But as we noted above in *Scott*, an employer is not vicariously liable merely because his employee commits an intentional tort on the employer's premises during working hours.  415 So.2d at 329. *See also Tampke v. Findley Adhesives, Inc.*, 489 So.2d 299 (La.App. 4th Cir.), *writ denied*, 491 So.2d 24 (1986); *McClain v. Holmes*, 460 So.2d 681 (La.App. 1st Cir.1984), *writ denied*, 463 So.2d 1321 (1985).  The particular facts of each case must be analyzed to determine whether the employee's tortious conduct was within the course and scope of his employment. *Scott*, 415 So.2d at 329.

2

"This court has stated that: 'Under *LeBrane*, an employer is responsible for an employee's intentional tort when his conduct is so closely connected in time, place, and causation to his employment duties that it constitutes a risk of harm attributable to the employer's business.'" *Craft v. Wal-Mart Stores, Inc.*, 01-564, p.5 (La.App. 3 Cir. 10/31/01), 799 So.2d 1211, 1215, *writ denied*, 02-132 (La. 3/22/02) 811 So.2d 933, (*quoting Lyons v. Bechtel Corp.*, 00-364, p.10 (La.App. 3 Cir. 12/27/00), 788 So.2d 34, 42, *writ denied*, 01-282 (La. 3/23/01), 787 So.2d 996.)

In this matter, it is clear from the deposition testimonies of both Mr. Armand and Mr. Lachney that the dispute was not rooted in their employment, but rather, it was strictly personal. Both testified that the duck plucker was completely unrelated to their employment or any of their duties. Accordingly, we conclude that, even if Mr. Lachney's actions constitute an intentional tort, thereby eliminating the Workers' Compensation Act's exclusive remedy for actions against co-workers and employers, the record contains no evidence which supports the conclusion that the conduct was "so closely connected . . . . to his employment duties" as to "constitute a risk of harm attributable to" the City's business. *See Craft,* 799 So.2d at 1215. Therefore, we find no error in the trial court's conclusion that no question of material fact exists and that the City is not liable in tort for the injury incurred by Mr. Armand.

We hereby affirm the decision of the trial court. Costs of this appeal are assessed against Farmers Insurance Exchange.

**AFFIRMED.**

3