STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

TRUELL HOLLOWAY

VERSUS

CITY OF OBERLIN

************

APPEAL FROM THE
THIRTY-THIRD JUDICIAL DISTRICT COURT
PARISH OF ALLEN, NO. 2006-565
HONORABLE JOEL G. DAVIS, DISTRICT JUDGE

************

**MICHAEL G. SULLIVAN**
**JUDGE**

************

Court composed of Michael G. Sullivan, Elizabeth A. Pickett, and Billy Howard Ezell, Judges.

**AFFIRMED.**

J. Bryan Jones, III
Attorney at Law
Post Office Box 8841
Lake Charles, Louisiana 70606
(337) 598-2638
Counsel for Plaintiff/Appellant:
    Truell Holloway

Steven J. Bienvenu
Falgoust, Caviness & Bienvenu
Post Office Box 1450
Opelousas, Louisiana 70571
(337) 942-5811
Counsel for Defendant/Appellee:
    City of Oberlin

**SULLIVAN, Judge.**

Truell Holloway appeals a judgment that dismissed his claims against the City of Oberlin (the City) with prejudice. We affirm.

## FACTS AND PROCEDURAL HISTORY

Holloway filed suit against his employer, the City, on October 12, 2006, as a result of an incident that had happened at work on February 21, 2006, when a co-worker, Travis Slate, put something into a can of juice that Holloway later consumed. Holloway alleged that, as a result of his having ingested the tampered juice, he became ill and now suffers from severe physical and mental problems. Holloway averred that because the incident occurred on the job and was employment-related and because his co-worker put something into his juice with either the intent to make him ill or with knowledge that it was a substantial certainty that he would become ill, the incident amounted to an intentional tort within the meaning of the intentional tort exception to the exclusive remedy provisions of the Louisiana Worker's Compensation Act. Accordingly, Holloway alleged that the City was vicariously liable to him for the intentional tort committed by its employee, Slate. He sought damages for past and future medical expenses, past and future pain and suffering/mental anguish, past and future lost wages, loss of earning capacity, and disability.

In its answer to Holloway's petition, the City averred that the incident occurred as the result of an ongoing, non-employment-related, dispute between Holloway and Slate. It alleged that, because Slate's actions were not within the course and scope of his employment and because Slate's actions were not done in furtherance of the

City's business, the City could not be held vicariously liable for Slate's actions, whether negligent or intentional.

The matter proceeded to a bench trial on November 18, 2008. Following the presentation of Holloway's case-in-chief, the City made an oral motion for involuntary dismissal on the ground that Holloway had not proven that Slate's actions had been committed in conjunction with his job duties or in furtherance of the City's objectives. The trial court granted the motion and dismissed Holloway's claims against the City with prejudice at his cost. Holloway now appeals, alleging in his sole assignment of error that the trial court committed manifest error in granting the City's motion for involuntary dismissal on the basis that the City had no vicarious liability for Slate's intentional tort where it was undisputed that the incident arose because of a dispute Slate had with Holloway concerning items in the employee refrigerator.

**DISCUSSION**

This court discussed the law concerning involuntary dismissals in *Koonce v. Dousay*, 06-1498, p. 3 (La.App. 3 Cir. 3/7/07), 952 So.2d 893, 895-96, stating:

> Louisiana Code of Civil Procedure Article 1672(B) provides:
>
> > In an action tried by the court without a jury, after the plaintiff has completed the presentation of his evidence, any party, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal of the action as to him on the ground that upon the facts and law, the plaintiff has shown no right to relief. The court may then determine the facts and render judgment against the plaintiff and in favor of the moving party or may decline to render any judgment until the close of all the evidence.
>
> "The trial court is granted much discretion in determining whether to grant an involuntary dismissal." *Boone v. Reese*, 04-979, p. 5 (La.App. 3 Cir. 12/8/04), 889 So.2d 435, 438 (citing *Kite v. Carter*, 03-378 (La.App. 3 Cir. 10/1/03), 856 So.2d 1271). If after considering and weighing the plaintiff's evidence, the trial court determines that the

2

plaintiff has not met his burden of proof, it must dismiss the plaintiff's case. *Gauthier v. City of New Iberia*, 06-341 (La.App. 3 Cir. 9/27/06), 940 So.2d 915. "The trial court's grant of an involuntary dismissal is subject to the well-settled manifest error standard of review." *Id*. at 918.

In *Armand v. Lachney*, 05-763 (La.App. 3 Cir. 2/1/06), 921 So.2d 1196, this court held that the City of Alexandria was not vicariously liable to an employee for an altercation between him and another city employee during work hours and on city property, even if the co-employee's actions amounted to an intentional tort. We explained:

> An employer may be found liable under the intentional tort exception to the Workers' Compensation Act, where an employee commits an intentional tort which results in injury to a co-employee. *LeBrane v. Lewis*, 292 So.2d 216 (La.1974). However, as noted by the supreme court in *Baumeister v. Plunkett*, 95-2270, pp. 3-4 (La.5/21/96), 673 So.2d 994, 996-97:
>
> > "An employer is not vicariously liable merely because his employee commits an intentional tort on the business premises during working hours." *Scott v. Commercial Union Ins. Co.*, 415 So.2d 327, 329 (La.App. 2d Cir.1982) (citing *Bradley v. Humble Oil & Refining Co.*, 163 So.2d 180 (La.App. 4th Cir.1964)). "Vicarious liability will attach in such a case only if the employee is acting within the ambit of his assigned duties and also in furtherance of his employer's objective." *Id*.
> >
> > More specifically, our *LeBrane v. Lewis* decision considered the following factors in holding an employer liable for a supervisor's actions in stabbing his fellow employee:
> >
> > (1) whether the tortious act was primarily employment rooted;
> >
> > (2) whether the violence was reasonably incidental to the performance of the employee's duties;
> >
> > (3) whether the act occurred on the employer's premises; and
> >
> > (4) whether it occurred during the hours of employment.

292 So.2d at 218. This does not mean that all four of these factors must be met before liability may be found. *Miller v. Keating*, 349 So.2d 265, 268 (La.1977). But as we noted above in *Scott*, an employer is not vicariously liable merely because his employee commits an intentional tort on the employer's premises during working hours. 415 So.2d at 329. *See also Tampke v. Findley Adhesives, Inc.*, 489 So.2d 299 (La.App. 4th Cir.), *writ denied*, 491 So.2d 24 (1986); *McClain v. Holmes*, 460 So.2d 681 (La.App. 1st Cir.1984), *writ denied*, 463 So.2d 1321 (1985). The particular facts of each case must be analyzed to determine whether the employee's tortious conduct was within the course and scope of his employment. *Scott*, 415 So.2d at 329.

"This court has stated that: 'Under *LeBrane*, an employer is responsible for an employee's intentional tort when his conduct is so closely connected in time, place, and causation to his employment duties that it constitutes a risk of harm attributable to the employer's business.'" *Craft v. Wal-Mart Stores, Inc.*, 01-564, p. 5 (La.App. 3 Cir. 10/31/01), 799 So.2d 1211, 1215, *writ denied*, 02-132 (La.3/22/02) 811 So.2d 933, (*quoting Lyons v. Bechtel Corp.*, 00-364, p. 10 (La.App. 3 Cir. 12/27/00), 788 So.2d 34, 42, *writ denied*, 01-282 (La.3/23/01), 787 So.2d 996.)

*Id*. at 1198-99. The basis for the dispute in *Armand* involved a duck plucker, a personal item that the city permitted to be stored on its premises. Affirming the trial court's dismissal of the city on summary judgment, this court noted that the deposition testimonies of the two employees involved in the fight made it clear that the dispute between them was strictly personal and completely unrelated to their employment or any of their work duties. Accordingly, we found no evidence to support the plaintiff's claim that his co-employee's "conduct was 'so closely connected . . . . to his employment duties' as to 'constitute a risk of harm attributable to' the City's business." *Id*. at 1199 (quoting *Craft v. Wal-Mart Stores, Inc.*, 01-564, p. 5 (La.App. 3 Cir. 10/31/01), 799 So.2d 1211, 1215).

Holloway and his mother, Bernadine Leday, were the only witnesses to testify at trial. When questioned by his attorney about the incident between him and Slate,

4

Holloway stated, "Well, as far as I know, we used to get along, but I don't know what happened." When asked whether he recalled ever having any type of dispute with Slate, Holloway explained that sometimes Slate "would say things that was maybe out of order and I would correct him and I'd say, 'That's kind of out of order. You shouldn't do that.'" Later, under cross-examination, Holloway stated that he never had any disagreements with any co-worker before this incident. When asked whether he knew why the incident had occurred, Holloway responded that he never tried to hurt anyone and that he "couldn't understand why anyone would put something into [his] drink." Holloway's mother testified about his mental condition and personality before and after the incident.

Holloway introduced eleven exhibits at trial, all but one of which addressed his medical bills and his claim for damages. Exhibit P-2 consists of the certified records from the Thirty-third Judicial District Court concerning the criminal prosecution of Slate for simple battery following the incident. Contained therein is the following voluntary statement which Slate gave the day after the incident in question:

> I Travis Slate went to the Dollar Store and [bought] some Libby juice, put sleep aid in because he eat an drink up ever thing and it was supposed be a joke. I sorry. It was about a week ago and forgot. Sorry.

According to court minutes dated July 20, 2006, Slate entered a plea of no contest to the charge of simple battery. He was sentenced to thirty days in the parish jail, suspended, and six months of supervised probation. He was ordered to stay away from and to make restitution to Holloway.

Before ruling on the City's motion for involuntary dismissal, the trial court referred to *Armand* and *LeBrane* and the factors to be considered in determining whether an employer can be held vicariously liable for an intentional tort committed

5

by an employee on the employer's premises and during working hours. In granting the motion, the trial court stated:

> [I]n this particular case, even assuming that this incident was an intentional tort, . . . the facts in this case make it absolutely clear to the Court that it is beyond equivocation that the conduct which caused the injuries to Mr. Holloway, they're not closely connected to Mr. Holloway's employment so as to constitute a risk attributable to the town's business.

On appeal, Holloway contends that the trial court erred in finding that the dispute was not employment-related. He submits that the City provided a refrigerator to its employees to facilitate their being able to eat and drink throughout the day, thereby increasing their productivity. It follows, Holloway argues, that the City had "an interest in preventing items from being taken from the employee refrigerator," and thus, a dispute concerning items in that refrigerator should be classified as employment-related because it concerned the conditions of his employment. In that regard, he likens this case to that of *Benoit v. Capitol Manufacturing Co.*, 617 So.2d 477 (La. 1993), wherein the supreme court reversed a decision of this court to affirm the trial court's dismissal of an action brought by an employee against his employer and a co-employee seeking to recover damages from a battery inflicted on him by the co-employee.

In *Benoit*, the fight between the employees involved whether the rear door to their work place should be kept opened or closed. The plaintiff, Benoit, was struck on the hand with a broom stick by a co-employee, Bennett, who was attempting to close the rear door. Testimony revealed that Bennett had been involved in a prior argument with another employee about wanting the door closed. Earlier on the night of the altercation, Bennett had complained to his supervisor about wanting the door closed because he was cold, and the supervisor had told him to put on a jacket.

6

Bennett had also, although not in the presence of Benoit, "emphatically announced his intention of closing the door," which had been left opened by Benoit several hours earlier. *Id.* at 480. The fight took place when Benoit tried to keep the rear door open as Bennett was trying to close it. In reversing the two lower courts, the supreme court found that the broom stick battery was "clearly 'employment-rooted'" because it concerned the temperature in the work place and, thus, the lower courts were in error for not casting the employer in judgment for the plaintiff's injury. *Id*. at 479.

The City claims that Holloway failed to present any evidence to support his assertion that he and Slate had an ongoing, work-related dispute. It further claims that Holloway failed to prove that Slate's actions were done in furtherance of the employment objectives of the City. The City contends that because this incident occurred as a result of a co-employee's attempt at playing a joke on Holloway, the incident was completely unrelated to the City's employment objectives. Thus, the City argues that this case is on all fours with *Armand*, and Holloway's reliance on *Benoit* is misplaced. As a result, the City submits that the trial court did not err in finding that it was not vicariously liable for the acts of Slate, and thus, in granting its motion for involuntary dismissal.

We have reviewed the evidence in its entirety and we have found no support for Holloway's claim that the incident between him and Slate was employment-related. Holloway, himself, testified that he had never had a prior disagreement with any of his co-workers and that he had no idea why anyone would have tried to harm him. There was absolutely no evidence offered to prove his claim that the incident was the result of an ongoing work-related dispute. In addition, although both Holloway and the City speculate in their appellate briefs as to the purpose of the

7

employee refrigerator and when the employees had access to it, no evidence was offered concerning the employee refrigerator. The incident appears to have been the result of a practical joke gone bad that clearly had nothing to do with the employment objectives of the City and for which the City cannot be held vicariously liable, despite the incident having occurred on City property between two City employees during work hours. Accordingly, we find no error in the trial court's granting of the City's motion for involuntary dismissal after the close of Holloway's case-in-chief and the resulting dismissal of his claims against the City under the intentional tort exception to the exclusive remedy provisions of the Louisiana Worker's Compensation Act.

## DECREE

The judgment of the trial court in favor of the City of Oberlin, dismissing the claims against it by Truell Holloway with prejudice, is affirmed in its entirety. All costs of this appeal are assessed to Truell Holloway.

**AFFIRMED.**