# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 11, 2008

Charles R. Fulbruge III
Clerk

No. 07-31113
Summary Calendar

HOMESTEAD INSURANCE COMPANY

Plaintiff-Appellant

v.

GUARANTEE MUTUAL INSURANCE COMPANY

Defendant-Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:03-CV-3116

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Julie Green ("Green") drove a golf cart into James Payne ("Payne") while both were at work for Tonti Development Corporation ("Tonti"). Payne sued Tonti and Green for his injuries. We must decide which of Tonti's two insurance companies is responsible for paying for Tonti's defense. The district court granted summary judgment in favor of Defendant-Appellee Guarantee Mutual Insurance Company ("Guarantee"). We reverse.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Tonti purchased insurance policies from both Plaintiff-Appellant Homestead Insurance Company ("Homestead") and Guarantee in April 1994 as part of an insurance package. The Homestead policy was intended to serve as an employer's liability policy, while the Guarantee policy provided workers' compensation coverage. Both policies provided coverage for bodily injuries to Tonti's employees, although both policies contained an exclusion for injuries stemming from intentional acts.

On August 2, 1995, Payne filed a lawsuit in Louisiana state court against Tonti and Green alleging that Green "intentionally drove a golf cart into the plaintiff" in a parking lot at one of Tonti's properties. Payne's suit sought damages for mental and physical pain and suffering, past wage loss and future loss of earning capacity, and medical expenses. Guarantee initially undertook Tonti's defense, paying for the lawyer that filed an answer to Payne's petition. Importantly, Guarantee did not reserve any of its rights when undertaking the defense.

On April 9, 1997, Payne filed a second amended petition. He added Guarantee as a defendant and alleged that Guarantee was "liable in tort for failure to provide timely medical treatment . . . that has resulted in a worsening of [Payne's] medical condition." On April 30, 1997, Guarantee, through its workers' compensation administrator, notified Tonti that the complaint alleged acts that Guarantee's policy did not cover and that Guarantee would no longer represent Tonti in the proceeding. Tonti then contacted Homestead. Homestead agreed to provide a defense for the lawsuit but specifically reserved its rights, stating that the complaint alleged an intentional tort that, if proven, would fall outside of Tonti's policy coverage. Homestead then began paying for Tonti's lawyer.

After two jury trials and two appeals, the Louisiana Court of Appeals absolved Tonti of any liability for Green's actions. Payne v. Tonti Realty Corp., 888 So. 2d 1090, 1097 (La. Ct. App. 2004). Homestead alleges that it spent $171,481.00 funding Tonti's defense from May 1997 through the conclusion of the case, albeit under a reservation of rights. In November 2003, Homestead filed suit in federal court against Tonti and Guarantee, seeking a declaratory judgment that Homestead did not have a duty to pay for the defense of Payne's state court suit. The district court denied Homestead's initial motion for summary judgment, finding that there were disputed issues of material fact regarding whether Homestead owed a continuing duty to defend. Homestead and Tonti entered into a Stipulation of Judgment whereby Homestead agreed to dismiss its case against Tonti in exchange for an assignment of any rights Tonti has against Guarantee. Both Homestead and Guarantee then filed cross-motions for summary judgment. The court denied Homestead's motion and granted Guarantee's motion, finding that Guarantee had no obligation to defend Payne's tort suit against Tonti. Homestead appeals.

## II. JURISDICTION AND STANDARD OF REVIEW

We have jurisdiction over the district court's order granting summary judgment to Guarantee pursuant to 28 U.S.C. § 1291.

This court reviews de novo a district court's summary judgment order. Richardson v. Monitronics Int'l, Inc., 434 F.3d 327, 332 (5th Cir. 2005). We will affirm the district court's decision to grant summary judgment if "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); see also Richardson, 434 F.3d at 332. Because this case is in federal court based on diversity jurisdiction, we must follow Louisiana's substantive law. See Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938); Ashland Chem. Inc. v. Barco Inc., 123 F.3d 261, 265 (5th Cir. 1997).

## III. DISCUSSION

On appeal, Homestead argues that even if Guarantee's policy excludes coverage for intentional torts, Guarantee waived any policy defenses it had by defending Tonti in the Payne suit for twenty months before stating that the claims fell outside of its policy coverage. The Louisiana Supreme Court has held that an insurer waives its policy defenses when the insurer, "with knowledge of facts indicating noncoverage under the insurance policy, assumes or continues the insured's defense without obtaining a nonwaiver agreement to reserve its coverage defense. . . ." Steptore v. Masco Constr. Co., 643 So. 2d 1213, 1216 (La. 1994). "A waiver may apply to any provision of an insurance contract, even though this may have the effect of bringing within coverage risks originally excluded or not covered." Id. For example, in North American Specialty Insurance Co. v. Debis Financial Services, 513 F.3d 466, 470 (5th Cir. 2007), the insurance company paid for a claim on a sunken barge and provided legal representation for property damage disputes even though the insurer had notice that the barge's crewmembers had reported that the barge was unseaworthy, which would have made the damage fall outside of the insurer's policy coverage. This court held that, under Louisiana law, the insurer had waived its right to raise the unseaworthiness exclusion because the insurer had paid for the wreckage and continued its representation without obtaining a nonwaiver agreement or issuing a reservation-of-rights letter. Id.; see also Arceneaux v. Amstar Corp., 969 So. 2d 755, 768-69 (La. Ct. App. 2007) (holding that the insurer had waived its right to enforce its policy exclusions because it provided the insured with an unconditional defense for four years).

The facts of this case require a straightforward application of Louisiana's waiver doctrine. Guarantee had notice of Payne's allegation that Tonti's employee, Green, committed an intentional tort as early as August 2, 1995, when Payne filed his first petition. Guarantee undertook the defense on behalf of its

insured, Tonti, for over twenty months. It then withdrew its defense after Payne filed his second amended petition. Nothing in the second amended petition, however, altered the nature of the allegation; Payne still claimed that Green committed an intentional tort and simply added another cause of action against Guarantee. There was nothing new in the second amended petition that would have given Guarantee any additional notice that its policy would not cover the claim.

The district court did not address the waiver issue in its order even though Homestead raised it in its motion for summary judgment. As such, even if the district court correctly concluded that Guarantee's policy did not cover Payne's allegations, the district court erred in failing to analyze the waiver doctrine. We hold, consistent with Louisiana law, that Guarantee waived its ability to raise a policy defense by defending Tonti for over twenty months without first reserving its rights.

One loose end remains. The cases cited above all concern an insured bringing an action against the insurer and the insurer waiving its policy defenses vis à vis the insured. Here, Homestead, a different insurer, seeks to raise the waiver doctrine, and Guarantee contends that Homestead lacks standing to make this argument. While Guarantee is correct that the policy behind the waiver doctrine is to protect insureds, not other insurers, its argument in this situation is unavailing. Tonti, the insured, would be able to raise the waiver doctrine against Guarantee. Homestead is standing in the place of Tonti based on Tonti's assignment of its rights to Homestead. See LA. CIV. CODE ANN. art. 2642 ("All rights may be assigned . . . ."). The waiver doctrine in Louisiana ensures that a conflict of interest does not later arise between an insurer and an insured. See Arceneaux, 969 So. 2d at 768. Here, a conflict of interest arose (and Tonti suffered prejudice) when Guarantee withdrew its defense after providing coverage for twenty months. Had Homestead not taken

over the defense, Tonti would have had to pay for the defense itself. Thus, Tonti can raise the waiver doctrine against Guarantee, and Homestead now stands in Tonti's shoes with respect to this right. As Guarantee waived its right to invoke its policy defense, Homestead may recover in the place of Tonti under the assignment of rights.[1]

## IV. CONCLUSION

The district court erred in failing to recognize that, even if Guarantee's policy did not cover the allegations in Payne's suit, Guarantee waived its right to raise this policy exclusion by defending Tonti for over twenty months. Therefore, we REVERSE the judgment of the district court and REMAND for further proceedings consistent with this opinion.

REVERSED AND REMANDED.

---

[1] Guarantee also contends that any claim against it has prescribed under Louisiana law. However, an action based upon an insurance contract is subject to a ten-year prescriptive period. See LA. CIV. CODE ANN. art. 3499; We Sell Used Cars v. United Nat'l Ins. Co., 715 So. 2d 656, 657 (La. Ct. App. 1998). Homestead brought its suit within ten years of Guarantee's withdrawal of Tonti's defense. Therefore, we reject Guarantee's argument based on prescription.