# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 19, 2010

No. 09-30586
Summary Calendar

Charles R. Fulbruge III
Clerk

HOMESTEAD INSURANCE COMPANY,

Plaintiff - Appellee

v.

GUARANTEE MUTUAL LIFE COMPANY,

Defendant - Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:03-CV-3116

Before KING, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Appellant Guarantee Mutual Life Company appeals the district court's grant of summary judgment for Appellee Homestead Insurance Company on the issue of liability.  Homestead has moved to dismiss the appeal for lack of jurisdiction, arguing that the judgment is not a final, appealable judgment, and Guarantee has not followed the certification process of 28 U.S.C. § 1292(b).  We agree that we lack jurisdiction; we therefore grant Homestead's motion and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-30586

dismiss the appeal.

The background of this case is summarized in our prior opinion in this case, *see Homestead Ins. Co. v. Guarantee Mut. Ins. Co.*, 287 F. App'x 306, 307 (5th Cir. 2008) (per curiam), and we repeat only the relevant facts. In 2004, Tonti Development Corporation (Tonti) purchased insurance policies from both Homestead Insurance Company (Homestead) and Guarantee Mutual Life Company (Guarantee). The following year, a Tonti employee filed suit against Tonti and a coworker, claiming to have been the victim of the coworker's intentional tort. Guarantee initially undertook the defense, but withdrew after being added as a defendant. Homestead then assumed the defense, reserving its right to claim that the tort fell outside the coverage of the policy it issued. After two jury trials and two appeals, Tonti was found not liable for the coworker's actions.

Homestead then filed suit in federal district court, seeking (1) a declaratory judgment that it had no duty to defend Tonti and (2) reimbursement of its costs and fees from Guarantee. The district court initially granted summary judgment for Guarantee based on a policy defense, but we reversed, finding that Guarantee had waived its right to assert that defense. *Id*. at 309. On remand, Homestead moved for summary judgment on the question of liability, reserving for trial a determination of the costs it incurred defending Tonti. Guarantee then filed a cross-motion for summary judgment, seeking dismissal of Homestead's claim. The district court issued an Order and Reasons on June 29, 2009, granting Homestead's motion for summary judgment on the question of liability and denying Guarantee's cross-motion. Guarantee filed a notice of appeal on July 8, 2009. Homestead subsequently moved to dismiss the

No. 09-30586

appeal for lack of jurisdiction.

We have jurisdiction to review all final decisions of the district courts, 28 U.S.C. § 1291, certain interlocutory orders, *id.* § 1292(a), and collateral orders, *Goodman v. Harris County*, 443 F.3d 464, 467 (5th Cir. 2006). We also have jurisdiction over certain orders certified by the district court if application is made within ten days and we grant permission to appeal. 28 U.S.C. § 1292(b). "[A] judgment for the plaintiff that determines liability for, but does not fix the amount of, damages is appealable solely under 28 U.S.C. § 1292(b) . . . ." *Pemberton v. State Farm Mut. Auto. Ins. Co.*, 996 F.2d 789, 791 (5th Cir. 1993); *accord Thibodeaux v. Executive Jet Int'l, Inc.*, 328 F.3d 742, 749 n.15 (5th Cir. 2003). Guarantee has not sought certification nor applied within the ten-day period, and we accordingly lack jurisdiction over this appeal.

Guarantee cites *United States v. Brook Contracting Corp.*, 759 F.2d 320 (3d Cir. 1985), for the proposition that a judgment is final and appealable if only a ministerial act is required to implement it. In that case, the government had requested a specified amount in each of two complaints filed against the defendants. *Id.* at 322. When the district court granted the government's motion for summary judgment, it did not specify the amount of damages that were being awarded. *Id.* at 322–23. The Third Circuit held that the "'practical effect'" of the judgment was nevertheless final because the government's motion for summary judgment requested an award of the amounts listed in the complaints, and only a "'ministerial act'" would be required to implement the judgment granting that motion. *Id.* at 323 (quoting *Hattersley v. Bollt*, 512 F.2d 209, 213–14 (3d Cir. 1975)).

We find *Brook Contracting* readily distinguishable. Here, while

3

No. 09-30586

Homestead alleged an amount of damages in its complaint, the motion for summary judgment specifically stated that Homestead sought "only a determination as to Guarantee's liability for the entirety of Tonti's defense, leaving the determination of the amount of Guarantee's liability for trial." Unlike in *Brook Contracting*, an amount of damages cannot be discerned from the district court's grant of summary judgment such that a ministerial act could implement a final judgment against Guarantee.

The district court's order is not a final judgment over which we have jurisdiction, nor does an exception to that requirement apply. We therefore GRANT Homestead's motion to dismiss and DISMISS Guarantee's appeal.